Electronically Filed - Adair - January 12, 2023 - 11:15 AM

**IN THE CIRCUIT COURT OF ADAIR COUNTY, MISSOURI**
**STATE OF MISSOURI**

| | |
|---|---|
| Dakota Schultz, ) | |
|     Plaintiff, ) | Case No.: |
| ) | |
| vs. ) | |
| ) | |
| Equifax Information Services, LLC ) | |
| Serve at: ) | **JURY TRIAL DEMANDED** |
| r/a  CSC-Lawyers Inc. Svc Co ) | |
| 221 Bolivar St ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Experian Information Solutions, Inc. ) | |
| Serve at: ) | |
| r/a The Corporation Company ) | |
| 120 S Central Ave ) | |
| Clayton, MO 63105 ) | |
| ) | |
| Trans Union, LLC ) | |
| Serve at: ) | |
| R/A-The Prentice-Hall Corporation ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
|     Defendants, ) | |

**PETITION**

Comes now Plaintiff, Dakota Schultz, by and through  undersigned counsel; and states the

following:

**INTRODUCTION AND JURISDICTION**

1.      This is an action for damages brought by an individual consumer for violations of the of

the Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq.* ("FCRA").

2.      This Court has jurisdiction of the FCRA claims under 15 U.S.C. §1681q,  15 U.S.C.

§1681k  and 28 U.S.C. § 1331.

3.      Venue is appropriate in this Court under 28 U.S.C. §1367(a) because Plaintiff resides in

this District, Plaintiff suffered damages in this District, one or more of the Defendants regularly

conduct business in this District, and Defendants directed their illicit conduct at Plaintiff in Greentop,

Electronically Filed - Adair - January 12, 2023 - 11:15 AM

Missouri.

4.      Plaintiff demands a trial by jury on all issues so triable.

## PARTIES

5.      Plaintiff is a natural person who resided in Adair County, Missouri and is a consumer

within the meaning of FCRA, 15 U.S.C. §1681a(c).

6.      Experian Information Solutions, Inc. ("Experian") is a foreign corporation. Experian is a

"consumer reporting agency or CRA" as defined in 15 U.S.C. §1681a(f) and is engaged in the business

of assembling, evaluating, and disbursing information concerning consumers for the purpose of

furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

7.      Trans Union, LLC ("Trans Union") is a foreign limited liability company. Trans Union

is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f) and is engaged in the business of

assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing

credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

8.      Defendant, Equifax Information Services, LLC ("Equifax") is a foreign company.

Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f) and is engaged

in the business of assembling, evaluating, and disbursing information concerning consumers for the

purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to  third-parties.

9.      Defendants Equifax, Experian and Trans Union disburse such consumer reports to third-

parties under contract for monetary consideration.

## FACTS

10.      Plaintiff has an inaccurate account listed on his credit reports, a charge-off from USAA.

Plaintiff does not owe them any money and USAA is reporting as a derogatory and negative account.

11.      A roughly $300 charge appear on Plaintiff's USAA credit card in June 2021 from T-

Mobile.  Plaintiff had immediately disputed these charges as not owed.  As part of his dispute USAA

issued a provisional credit.

Electronically Filed - Adair - January 12, 2023 - 11:15 AM

12.     Several weeks later the provisional credit was reversed by USAA, even though Plaintiff did not owe USAA or T-Mobile any money.

13.     In fact, T-Mobile had adjusted the charges on Plaintiff's account resulting in a zero balance.  T-Mobile also issued a refund to Plaintiff and instructed USAA to issue a refund to Plaintiff as well.  USAA ignored T-Mobile's request and continued to collect on the account, despite the 0 balance.

14.     Plaintiff did not owe USAA any money, including the roughly $300 charge.  This is because the charge was not authorized by Plaintiff, T-Mobile had told USAA to issue a refund (which went ignored by USAA) and Plaintiff had a 0 balance with T-Mobile.

15.     Since USAA kept reporting these inaccurate amount to his credit reports Plaintiff provided detailed and written disputes to the Defendant credit bureaus indicating that he was not late on the accounts, that the account should not be reflected as a charge-off and provided proof of the inaccuracy and asked the Defendants to investigate and correct this error.  The written disputes were sent roughly August, October, November and December 2022.

16.     Upon information and belief, the Defendant credit bureaus sent Plaintiff's dispute letters to USAA and represented them to verify the account, which USAA did and left it reporting as a negative inaccurate account.

17.     Defendants Equifax, Experian and Trans Union verified each of Plaintiff's disputes and left the negative and false balance from USAA reporting.

 18.  Defendants Trans Union, Experian and Equifax failed to conduct a reasonable reinvestigation of Plaintiff's disputes and failed to comply with the reinvestigation requirements under 15 U.S.C. §1681i.

19.  Defendants Trans Union, Experian and Equifax also failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer reports as required by 15 U.S.C. §1681e(b).

20.  As a result of Defendants' conduct, actions and inaction, Plaintiff suffered actual damages

Electronically Filed - Adair - January 12, 2023 - 11:15 AM

in the form of denial of credit as well as extreme mental anguish and emotional distress, humiliation, and damage to Plaintiff's reputation for credit worthiness.

21.  Defendants' conduct, actions and inactions were willful.

## COUNT I – FCRA

### 15 U.S.C. § 1681o (Experian, Equifax and Trans Union)

22.  Plaintiff re-alleges and incorporates by reference the above paragraphs.

23.  Defendant CRAs negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer reports, as required by 15 U.S.C. §1681e(b);

b)      failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, including but not limited to parts and subparts.

24.      As a result of Experian, Equifax and Trans Union's negligent violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

25.      Plaintiff is entitled to actual damages in an amount to be determined by the jury.

26.      Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(b).

## COUNT II – FCRA

### 15 U.S.C. § 1681n (Experian, Equifax and Trans Union)

27.      Plaintiff realleges and incorporates by reference the above paragraphs.

28.      Experian, Equifax and Trans Union willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer reports, as required by 15 U.S.C. §1681e(b);

Electronically Filed - Adair - January 12, 2023 - 11:15 AM

b)    failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, including but not limited to parts and subparts.

29.    As a result of Experian, Equifax and Trans Union's willful violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

30.    Plaintiff is entitled to actual damages in an amount to be determined by the jury.

31.    Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

32.    Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681n.


## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.    On Plaintiff's First Claim for Relief:

    a.    Actual damages in an amount to be determined by the jury; and

    b.    Attorney fees and costs.

2.    On Plaintiff's Second Claim for Relief:

    a.    Actual damages in an amount to be determined by the jury;

    b.    Punitive damages in an amount to be determined by the jury;

    c.    Statutory damages as determined by the Court; and

    d.    Attorney fees and costs.

3.    Trial by jury is requested.

By:  /s/ Matthew P. Cook
 Cook Law, LLC
 Matthew P. Cook #62815
 Attorney for Plaintiff
 2885 Sanford Ave SW #42270
 Grandville, MI 49418
 Phone:  314-200-5536
 Email:  Cookmp21@yahoo.com

 *Attorney for Plaintiff*

Electronically Filed - Adair - January 12, 2023 - 11:15 AM